PER CURIAM.
Appellants, the property appraiser of Du-val County, the tax collector of Duval County, the Board of Tax Adjustment of Duval County and the Director of the Department of Revenue of the State of Florida, who were defendants in the trial court, here seek review of a final judgment in favor of appellee, plaintiff in the trial court, granting an exemption from ad valorem tax.
Appellee is a private corporation for profit which leases land owned by the Jacksonville Port Authority (JPA), a public body organized under Chapter 63-1447, Laws of Florida. Appellee’s operations consist primarily of the storage (warehousing) and servicing of imported motor vehicles, for which it is paid by the importer. The JPA provides warehousing, sampling, loading and unloading, handling, weighing and other services demanded by a shipper in connection with docking ships. Appellant Mallard assessed ad valorem tax against plaintiff resulting in a suit for declaratory and injunctive relief. At trial appellee contended that it engaged in an activity which is defined as a “project” under the act creating the JPA; without the plaintiff performing its present functions and operations such functions and operations could and would of necessity be performed by the JPA; to perform such functions and operations presently performed by appellee, JPA would be required to utilize public funds; and that the legislature has declared the operations and functions of the JPA to be for a public purpose. Essentially, appellee contended that its use of the property sought to be taxed is a public or governmental purpose entitling it to an exemption. Appellants argued that appellee is merely another commercial enterprise and that its leasehold is subject to taxation in the same manner as any other private property. The learned trial judge entered a final judgment in favor of appellee holding that its leasehold interests are exempt from ad va-lorem taxation pursuant to F.S. 196.- *1177 199(2)(a) and F.S. 196.012(5). This appeal followed.
The issue to be resolved is whether, under the facts of this case, appellee’s use of its leasehold constitutes a governmental use entitling it to be exempt from taxes.
At the time the learned trial judge heard and decided this case he did not have the benefit of Lykes Brothers, Inc. v. City of Plant City, et al., 354 So.2d 878 (Fla.1978); Thomas E. Archer, et al., v. Seymour J. Marshall, et al., 355 So.2d 781, (Fla.1978) nor St. John’s Associates v. Mallard, et al., (Fla. 1st DCA 1978), Case No. HH-235, Opinion filed October 3, 1978. Although the two Florida Supreme Court cases above cited are not dispositive their holdings are relevant. However, St. John’s Associates v. Mallard, supra, is dispositive and controlling. The law and reasoning found in that decision is equally applicable sub judice and mandates reversal. Accordingly, for the reasons set forth by this court in the last cited opinion the final judgment here appealed is
REVERSED.
McCORD, C. J., and BOYER and MILLS, JJ., concur.